UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:05CV-234-R

STEVE W. SWINFORD, and                                                               PLAINTIFFS
PETE GUNN III

v.

UNITED STATES OF AMERICA                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on the Government's Motion to Stay Proceedings (Docket #12). Plaintiffs filed a response (Docket #14). Plaintiffs have also filed a Motion to Enjoin Proceedings in a Collection Case in Louisiana (Docket #13). The Government filed a response (Docket #15) to which Plaintiffs have replied (Docket #18, 19). Plaintiffs also filed a supplemental memorandum in support of their Motion (Docket #27) to which the Government has replied (Docket #28). These matters are now ripe for adjudication. For the reasons that follow, the Government's Motion to Stay Proceedings is DENIED and Plaintiffs' Motion to Enjoin Proceedings in a Collection Case in Louisiana is GRANTED.

**BACKGROUND**

ALM Trucking, Inc. ("ALM"), a trucking corporation owned jointly by Plaintiffs, failed to pay certain withholding taxes to the Defendant United States of America for the period commencing October 1, 1999 and ending December 31, 2000. Due to the unpaid trust fund taxes, the Government assessed $60,150.99 in responsible party penalties against the Plaintiffs pursuant to 26

U.S.C. § 6672.[1]

Plaintiffs paid a portion of these assessed penalties and in August 2005 filed a claim for refund for that amount. When the claim for refund was denied by the Internal Revenue Service, Plaintiffs filed separate complaints in the U.S. District Court for the Western District of Kentucky on December 8, 2005, asking for the refund of the paid penalties. The Government filed counterclaims in both cases on February 6, 2006, for the balance of the assessed but unpaid penalties. The two cases were consolidated on March 9, 2006.

On March 30, 2005, Plaintiffs were assessed with the outstanding trust fund liabilities of ALM for the fourth quarter of 1999 through the fourth quarter of 2000. During this time, Plaintiffs were each fifty percent shareholders of ALM, which had its principal place of business, its principal office, and its mailing address in West Monroe, Louisiana.

Johnny G. Smith and Irene D. Stephens Wiggins, who are not parties to this action, were officers and/or directors of ALM during this same time period. On April 3, 2002, Smith and Wiggins were also assessed with ALM's outstanding trust fund liabilities for the fourth quarter of 1998 to the fourth quarter of 2000.

On May 26, 2006, the United States filed a complaint in the United States District Court for the Western District of Louisiana, Monroe Division, *United States of America v. Smith*, No. 3:06-CV-881, against Smith, Wiggins, and the Plaintiffs in this case, Swinford and Gunn.[2] By the

---

[1] Plaintiffs assert that ALM's failure to pay trust fund taxes was due to the embezzlement of its funds and a subterfuge thereto by certain of its employees. Plaintiffs state that they only discovered the nonpayment of taxes after ALM was dissolved.

[2] The Government states that it could not file third-party complaints against Smith and Wiggins in this case because they are domiciled in Louisiana and the events giving rise to the assessments also occurred in Louisiana.

2

Complaint, the Government is seeking to reduce the unpaid assessments against those defendants to judgment under 26 U.S.C. § 6672.

## DISCUSSION

Plaintiffs argue that the Government is prohibited from filing the collection case against the Plaintiffs in Louisiana. Plaintiffs assert that they followed each step in the specified process for contesting 26 U.S.C. § 6672 penalties in court without having to pay the full amount of the penalties to the IRS before beginning the suit. Plaintiffs maintain that once the suit herein was filed, 26 U.S.C. § 6331(i) operated to prohibit the Government from trying to collect the unpaid levies either by levy or other court proceeding. The Government argues that section 6631(i) only applies to collection activities related to levies and court proceedings related to levies, and, therefore, is inapplicable as the Louisiana proceeding is a collection suit to reduce assessments to judgment and is unrelated to levying activities.

26 U.S.C. § 6631 provides in relevant part:

**(i) No levy during pendency of proceedings for refund of divisible tax.**

**(1) In general.** No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper court for the recovery of any portion of such divisible tax which was paid by such person if—

(A) the decision in such proceeding would be res judicata with respect to such unpaid tax, or

(B) such person would be collaterally estopped from contesting such unpaid tax by reason of such proceeding.

. . .

**(4) Limitation on collection activity; authority to enjoin collection.**

(A) Limitation on collection. No proceeding in court for the

3

>collection of any unpaid tax to which paragraph (1) applies shall be begun by the Secretary during the pendency of a proceeding under such paragraph. This subparagraph shall not apply to—
>
>>(i) any counterclaim in a proceeding under such paragraph, or
>>
>>(ii) any proceeding relating to a proceeding under such paragraph.
>
>(B) Authority to enjoin. Notwithstanding section 7421(a), a levy or collection proceeding prohibited by this subsection may be enjoined (during the period such prohibition is in force) by the court in which the proceeding under paragraph (1) is brought.

Where a party has paid a portion of a divisible tax and then seeks to recover a portion of that divisible tax by court proceeding, section 6331(i)(1) operates to prohibit the IRS from trying to collect by levy the unpaid divisible taxes during the pendency of that proceeding. The parties dispute whether section 6331(i)(4) extends this prohibition against collection to efforts by the Government to collect these same unpaid taxes by court action.[3]

In interpreting a statute, this Court looks first to its plain language. *United States v. Turner*, 465 F.3d 667, 671 (6th Cir. 2006). Section 6331(i)(4) states that "No proceeding in court for the collection of any unpaid" divisible tax shall be begun during the pendency of a proceeding for a refund of a portion of that divisible tax. There is no language in this provision limiting court proceedings to only those related to levies. The use of the term "proceeding in court" without any limiting modifier, indicates that Congress intended to grant the court in which the refund case is properly pending the authority to enjoin any court proceeding for the collection of the unpaid divisible tax. *See Unico Servs., Inc. v. United States*, 71 Fed. Cl. 464, 466 (2006). The case filed by the Government in Louisiana constitutes a proceeding in court and involves the same divisible

---

[3] The parties agree that the tax at issue is a divisible tax and that the litigation in Louisiana would be res judicata with respect to the unpaid tax.

taxes at issue here. Thus, this Court finds that the plain language of the statute supports the Plaintiffs' position.

Case law also supports the Plaintiffs' position. The Court of Federal Claims was the first court to interpret section 6441(i) in *Unico Services, Inc. v. United States*. The court stated that once an underlying refund claim was properly before it, the court would be granted the authority under section 6331(i)(4)(B) to enjoin further collection proceedings initiated by the Government. *Id.* The court did not limit the definition of collection proceedings under section 6331(i)(4)(B) to include only levies but rather stated that it had "the authority to enjoin a levy *or* collection" pursuant to this section.[4] *Id.* (emphasis supplied). The use of the word "or" indicates that the court found that it had the authority not only to enjoin a levy but also the authority to enjoin a collection, an action separate and distinct from a levy. *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 829 (Merriam-Webster Inc. 1991) (defining "or").

Therefore, this Court finds that section 6331(i)(4) is not limited to levies or court actions to enforce levies but rather applies to any proceeding in court for the collection of the unpaid divisible taxes. Having made this finding, the Court must now determine whether, pursuant to section 6331(i)(4)(ii), the Government's suit in Louisiana is a "proceeding relating to a proceeding" for a

---

[4] In a footnote the *Unico* court stated that section 6331(i)(1) applied only to levies, finding that because some of the tax periods were subject to liens and not levies they fell outside the protection of section 6331(i)(1) and, therefore, plaintiff was not entitled to injunctive relief for the tax periods subject to liens. *Unico Servs.*, 71 Fed. Cl. at 465 n.3. A lien is not a court proceeding but rather a legal claim to an interest in property as security for payment of a debt which puts other creditors on notice that the lien creditor has a priority claim against the debtor's property. *Id.*; 26 U.S.C. § 2362(f). As a lien is not a court proceeding or a levy it falls outside the ambit of sections 6331(i)(1) and (4), and therefore this finding offers no support for the Government's position that section 6331(i) applies only to collection activities related to levies and court proceedings related to levies.

5

refund of a portion of divisible taxes initiated by the taxpayer.

Section 6331(i)(4)(ii) expressly exempts proceedings related to the original tax refund proceeding from being enjoined. The statute does not define related proceeding. As the meaning of the term is unclear, this Court will look to the legislative history to interpret the statute. *The Ltd., Inc. v. Comm'r*, 286 F.3d 324, 332 (6th Cir. 2002).

The Senate Report accompanying the legislation states that (1) collection by levy would still be allowed if jeopardy exists or the taxpayer waives the suspension of collection; (2) the Government would be allowed to collect other assessments against the taxpayer that are not the subject of the refund suit; (3) the Government would be allowed to offset refunds to collect unpaid taxes; (4) the Government would be allowed to counterclaim in a refund suit or a related proceeding; (5) the Government would be allowed to file tax liens to secure unpaid taxes; (6) and the statute of limitations to collect unpaid taxes would be stayed for the period that the Government is prohibited from collecting them. S. REP. NO. 105-174 (1998).

The Conference Agreement accompanying the passage of section 6331(i) stated that:

> The conferees wished to clarify that proceedings related to a proceeding under this provision include, but are not limited to, civil actions or third-party complaints initiated by the United States or another person with respect to the same kinds of tax (or related taxes or penalties) for the same (or overlapping) tax periods.

The Conference Agreement gave the following two examples of related proceedings:

> For example, if a taxpayer brings a suit for a refund of a portion of a penalty that the taxpayer has paid under section 6672, the United States could, consistent with this provision, counterclaim against the taxpayer for the balance of the penalty or initiate related claims against other persons assessed penalties under section 6672 for the same employment taxes.

The legislative history sets out a number of examples of situations in which the Government may pursue collection efforts despite section 6331(i); however, the provided examples do not

6

expressly state an exception that would allow the Government to bring a collection action against the plaintiffs in a properly filed tax refund suit for the same unpaid taxes at issue in the refund suit. The Court recognizes that the legislative history does not indicate that the provided examples are an exhaustive list; however, the Court finds that to include the Louisiana action as a situation in which the Government could pursue collection efforts despite section 6331(i) would in effect render section 6331(i)(4) a nullity. The Court finds that this would be inconsistent with Congress's intent and contrary to the principle's of statutory interpretation. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant" (internal quotation omitted)).

Therefore, this Court finds that the suit in Louisiana does not come within the exception provided in section 6331(i)(4)(ii). Having found that the Government was prohibited from institution the suit in Louisiana during the pendency of the present proceeding, this Court will utilize its power under section 6331(i)(4)(b) to enjoin the proceeding in Louisiana.[5]

## CONCLUSION

For the foregoing reasons, the Government's Motion to Stay Proceedings is DENIED and Plaintiff's Motion to Enjoin Proceedings in a Collection Case in Louisiana is GRANTED.

An appropriate order shall issue.

---

[5] The Government argues that this Court can not enjoin the Louisiana proceedings as Plaintiffs have failed to show that they will suffer irreparable harm by defending in Louisiana. This Court finds that section 6331(i)(4)(B) does not require the Plaintiffs to show irreparable harm, it need only be shown that the Government is violating the provisions of section 6331(i).

7